IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAVELL RONDELL JOHNSON,

    Petitioner,                No. CIV S-07-2387 LKK DAD P

    vs.

UNITED STATES OF AMERICA et al.,     ORDER AND

    Respondents.             FINDINGS AND RECOMMENDATIONS

                                   /

        Petitioner, a former federal prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with the court's October 14, 2008 order, petitioner has filed an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a)(1).

**PRELIMINARY SCREENING**

        A court entertaining an application for a writ of habeas corpus must award the writ or direct the respondent to show cause as to why the writ should not be granted, "unless it appears from the application that the applicant or the person detained is not entitled thereto." 28 U.S.C. § 2243. For the reasons discussed below, summary dismissal is proper in this case.

1

**BACKGROUND**

In 1985, petitioner was charged in the United States District Court for the Northern District of California and entered pleas of guilty to one count of armed bank robbery and one count of possession of a firearm during the commission of a crime of violence. (Pet. at 2 & Attach.) Petitioner was sentenced to twenty years in federal prison for the bank robbery and five years on the weapons charge. Petitioner was released from federal prison on parole in 2002. (Id., Attach.)

On March 12, 2004, the United States Parole Commission issued a warrant for petitioner's arrest. The warrant stated that on January 3, 2002, petitioner had been released from the United States Penitentiary at Leavenworth in accordance with the mandatory release with good time deductions provision of 18 U.S.C. § 4163, with 3,745 days remaining to be served. The warrant further stated that the United States Parole Commission had received reliable information since his release that petitioner had violated one or more of the conditions of his release. (Pet. Attach. at 30 of 35.)

In his petition before this court, petitioner claims that the United States Parole Commission had no jurisdiction to detain him or revoke his parole. In addition, petitioner claims United States Parole Commission's warrant was invalid on its face and that he was illegally detained pursuant thereto.[1] Petitioner also claims in vague fashion that the United States Parole Commission and the United States Probation Department are "engaging petitioner in an unfair deceptive practice by using old law and new law together." (Pet. at 6.) Finally, petitioner claims that his alleged violation of the warrant and subsequent detention resulted in his false imprisonment. (Id.) Petitioner requests unconditional release. (Pet. at 6 & Attach.)

/////
/////

---

[1] At the time this petition was filed petitioner was detained at the Sacramento County Main Jail. Petitioner is no longer incarcerated.

2

## ANALYSIS

The instant petition should be dismissed because it is an abuse of the writ. Petitions brought pursuant to 28 U.S.C. § 2241 are subject to the limitations set forth in 28 U.S.C. § 2244(a). In part, that statute provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus [.]

28 U.S.C. 2244(a).[2]

In this case, petitioner raises claims that he has previously raised in a § 2241 petition. Specifically, on May 3, 2004, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Central District of California. See Case No. CIV 2:04-3103 RSWL RC (C.D. Cal.). Therein, he claimed that the United States Parole Commission had no jurisdiction to detain him or revoke his parole. In addition, he claimed that he was being detained illegally based on an invalid warrant. He also argued in vague fashion that the Commission and the United States Probation Department were engaged in unfair and deceptive practices by using the old law and the law together. Id., Findings and Recommendations filed Nov. 23, 2004. The United States District Court for the Central District of California denied petitioner relief on the merits of his petition and dismissed the action with prejudice. Id., Order filed Nov. 23, 2004.

Section 2244(a) bars petitioner from bringing this successive § 2241 petition because he raises the same claims that the United States District Court for the Central District rejected in his previous action challenging the execution of his sentence. See Barapind, 225 F.3d

---

[2] Petitions brought pursuant to 28 U.S.C. § 2241, however, are not subject to the rule in 28 U.S.C. § 2244(b), requiring appellate certification for second or successive petitions. Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000).

at 1111 (§ 2244(a) prevents a federal prisoner from bringing a § 2241 petition to challenge the validity of a conviction or sentence that has already been subject to collateral review); see also Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (district court properly dismissed § 2241 petition because the issues raised therein had been, or could have been, decided in previous § 2241 habeas action); Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998) ("§ 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence"). Accordingly, petitioner is not entitled to relief, and this habeas action should be dismissed.

**CONCLUSION**

IT IS HEREBY ORDERED that petitioner's October 27, 2008 application to proceed in forma pauperis (Doc. No. 8) is granted; and

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be dismissed; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 17, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
john2387.156